**John M. RICE, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**No. 04–1650–CV.**

United States Court of Appeals, Second Circuit.

March 31, 2005.

Eugene D. Faughnan, Hinman, Howard & Kattell, LLP, Binghamton, New York, for Appellant.

John M. Kelly, Assistant Regional Counsel (LISA de Soto, General Counsel, Barbara L. Spivak, Chief Counsel—Region II, on the brief), Office of the General Counsel, Social Security Administration, New York, New York, for Appellee.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Northern District of New York is AFFIRMED.

Plaintiff-appellant Rice ("Rice") appeals from a judgment of the district court (Lawrence E. Kahn, *J.*) adopting a report and recommendation of Magistrate Judge David E. Peebles affirming the decision of the defendant-appellee Commissioner of Social Security ("the Commissioner") finding Rice ineligible for Social Security disability insurance benefits. We assume the parties' familiarity with the facts and procedural background of this case. We find Rice's claims to be without merit, and accordingly affirm the judgment of the district court.

When considering a denial of Social Security benefits, this Court focuses primarily on the administrative ruling rather than the district court's decision. *Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir.2004) (per curiam). The Court reviews the decision of the Administrative Law Judge ("ALJ") to determine whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *Balsamo v. Chater,* 142 F.3d 75, 79 (2d Cir.1998). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran,* 362 F.3d at 31 (internal quotation marks omitted).

In evaluating the nature and severity of an applicant's impairment, the ALJ is bound to give the treating physician's opinion controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Rosa v. Callahan,* 168 F.3d 72, 78–79 (2d Cir.1999); 20 C.F.R. § 404.1527(d)(2). The ALJ may not reject the treating physician's conclusions based solely on inconsistency or lack of clear findings without first attempting to fill the gaps in the administrative record. *Id.* at 79. Rice alleges that the ALJ incorrectly applied these principles in discounting the opinion of his treating physician, Dr. Kerr, and thus improperly determined that he was not disabled on the basis of an opinion from a state agency physician.

Rice's argument proceeds from the mistaken premise that Dr. Kerr's opinion supported a finding of disability; it did not. In evaluating the alleged disability period at the request of counsel for purposes of his claim, Dr. Kerr observed that Rice could do "sedentary" work, or "basically a desk job" lifting no more than ten pounds

and sitting and standing "intermittently," although he noted that Rice experienced a brief period of total disability.[1] Dr. Kerr's use of the term "sedentary" is not in itself conclusive in making the determination of Rice's residual functional capacity under the Social Security Act: while an ALJ must consider the data provided by a physician as to the nature and severity of an applicant's impairments, the legal determination of an applicant's residual functional capacity is reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2), (e)(2); *see Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999). Dr. Kerr's observations about the extent of Rice's impairments in his letter to counsel and his treatment notes,[2] however, support rather than contradict the ALJ's finding that Rice retained the capacity to perform "sedentary" work, which generally allows for six hours of sitting in an eight-hour work day and which requires lifting no more than ten pounds at a time. *Rosa,* 168 F.3d at 78 n. 3; 20 C.F.R. § 404.1567(a). We therefore find that Dr. Kerr's opinion supports the ALJ's decision and was not improperly discounted by the ALJ.

We also find that Dr. Kerr's reference to Rice's need to sit and stand "intermittently" does not undermine the ALJ's determination of ineligibility for disability benefits. We have previously rejected the argument that sedentary work categorically requires a worker to sit continuously without standing or shifting positions at all. *Halloran,* 362 F.3d at 33. Dr. Kerr's finding that Rice would have to stand intermittently is thus consistent with the ALJ's finding that Rice had the residual capacity to perform sedentary work, and did not trigger a duty of further inquiry by the ALJ.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. Dr. Kerr's reference to a four-month period of severe impairment is not helpful to Rice's claim of disability. In order to qualify as a disability under the Social Security Act, his impairment must have lasted or been expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

2. In the months following Rice's accident, Dr. Kerr indicated that Rice was neurologically intact and referred to Rice's ability to do sedentary work and to his improving health as a result of treatment. In January 1997, Kerr stated that Rice had reached maximum improvement and was able to lift up to forty pounds. After Rice aggravated his injury by lifting groceries, Dr. Kerr initially concluded that he was "[t]otally disabled for now," but four months later recorded that Rice had again improved to the point that he could perform sedentary work.